PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Cadillac
CTS struck a hole while claimant Diane E. Clayton was driving south on 1-79, just past the Pleasant Valley overpass, near Fairmont, Marion County. 1-79 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on January 7, 2008. The speed limit on 1-79 is seventy miles per hour. Ms. Clayton testified that she was driving southbound in the passing lane at between sixty-eight to seventy miles per hour when her vehicle struck a hole in the road. Ms. Clayton testified that the hole extended across her lane of traffic and was approximately twelve inches deep. As a result of this incident, claimants’ vehicle sustained damage to its rim in the amount of $476.97.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-79 at the site of claimant’s accident for the date in question. Norman Cunningham, Transportation Crew Supervisor for respondent, testified that he is responsible for maintenance of 1-79 at this location. He testified that in the area where this incident occurred, there is a bridge between two slight inclines. Mr. Cunningham stated that he first became aware of the problem at approximately 2:00 p.m. when he received a call from the West Virginia State Police. Around 2:00 p.m., he dispatched an inmate crew to patch the hole with perma patch, a material that is used as a temporary repair. On January 8, 2008, respondent sent crews to this area to patch the hole with hot mix. Mr. Cunningham stated that the hole covered the width of the lane of traffic, and he believed that the blunt end of the bridge joint caused the damage to the claimants’ vehicle. Mr. Cunningham further stated that Ms. Clayton reported the incident to respondent at approximately 3:00 p.m. that day.
The well-established principle of law in West Virginia is that the State is *104 neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the hole at this location. Respondent’s crews responded to the incident as soon as they were informed of the problem. When they received the telephone call from the State Police at approximately 2:00 p.m., a crew was sent immediately to patch the hole. Thus, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.